## ROPER v. KING et al.

No. 9186—Opinion Filed Oct. 8, 1918.

Rehearing Denied Jan. 7, 1919.

(176 Pac. 926.)

(Syllabus.)

**Mechanics' Liens—Filing of Lien—Evidence.**

Record examined, and held: (1) That the record shows that the lien claimant filed his lien statement within four months after the date upon which the material was last furnished or the labor performed under contract with the owner as required by section 3863, Rev. Laws 1910; (2) that the evidence reasonably tends to support the findings of the trial court that the material was furnished and the labor performed in circumstances which entitled the claimant to a lien under section 3864, Rev. Laws 1910.

Error from District Court, Okmulgee County; Ernest B Hughes, Judge.

Action by Sarah C. Smith, a minor, by her guardian and next friend, against J. A. Roper, March Monday, guardian of Annie Monday, G. W. King, and the Brown Lumber Company. From the decree, defendant J. A. Roper brings error. Affirmed.

Merwine & Newhouse and R. S. Gamble, for plaintiff in error.

D. P. Farrell, for defendant in error G. W. King.

KANE, J. This was an action commenced by Sarah C. Smith, a minor, by her guardian and next friend, as plaintiff, for the purpose of foreclosing a judgment lien on certain real estate owned by the plaintiff in error, J. A. Roper. In this action the plaintiff also joined March Monday, guardian of Annie Monday, G. W. King, and the Brown Lumber Company, aleging that each of said defendants claims some lien or interest in said real estate, and praying that each of said defendants be required to come into court and set forth the nature of his claim, or be forever barred from asserting the same. In pursuance of the prayer of the petition each of said defendants named appeared in the action and set up their respective claims. After the issues were thus joined the cause was tried to the court, and a decree entered as the rights of the parties appeared to the trial court. After this decree was entered the claim of the plaintiff, Sarah C. Smith, and the defendants Brown Lumber Company and Annie Monday were settled in full, and the only matter remaining for review is the action of the trial court in allowing the mechanics' and materialman's lien claimed against the property by the defendant in error G. W. King.

The errors assigned are summarized by counsel for plaintiff in error in their brief as follows:

"It was error for the court to enter a decree in favor of King and against Roper for two reasons: (1) The uncontradicted evidence shows that King did not file his lien statement within the time required by the statute after he had furnished the last item of material and the building was completed; (2) he could not in any event claim more than for service in superintending the building."

Neither of these contentions can be sustained. There was testimony to the effect that the building was completed on or about the 14th day of March, 1914, and the record shows that Mr. King filed his lien statement in the office of the court clerk on the 8th day of July, 1914. Section 3863, Rev. Laws

1910, provides that such statement shall be filed within four months after the date upon which the material was last furnished or the labor was performed under the contract as aforesaid, etc. Mr. King testified as follows:

"Q. Do you know when the building was completed? A. Yes, sir.

"Q. When? A. Finished up, taken the men off, on the 14th day of March.

"Q. 14th day of March? A. 14th day of March.

"Q. Was there any other work done on that building after that time, you know of? A. Nothing, only some window stops to hold the window sashes. * * * and the bolts in the bar between the two big glasses.

"Q. * * * Do you know when the last material was delivered upon the job by the Brown Lumber Company while you were superintending the building? A. Yes, sir.

"Q. When was that? A. The 9th day of March.

"Q. That was material? A. Yes, sir; that was glass in the two windows in the back of the building. * * *

"Q. Now, Mr. King, you said you put in some windows on the 9th of March? A. Ordered them on the 9th.

"Q. From whom? A. From the Brown Lumber Company.

"Q. When did you put them in? A. I think on the 11th; the carpenters were putting the ceiling on, and didn't want to have the windows in the way; we didn't put them in till the 11th; might have been the 12th we put the glass in. * * *

"Q. When was the last work done on the building prior to setting of the glass? A. I think April 14th; in April, or March 14th."

This testimony tends to show that the statement was filed well within the four months prescribed by statute.

On the second proposition the plaintiff in error contends that he hired King to superintend the construction of the building, and that, if he is entitled to a lien at all, it is for the amount due him for this service.

Roper, the owner, concedes that King made certain outlays for labor and material during the progress of the work, but he says that the sums so expended were in the nature of loans of money made to him by King for which the latter is not entitled to a lien. On the other hand, King contends that these expenditures were made for labor performed and material furnished for the erection of the building under an oral contract with King in circumstances which entitled him to

a lien under section 3864, Rev. Laws 1910. We have examined the record, and are convinced that the finding of the referee on this point in favor of King is reasonably sustained by the evidence.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.